### State *v.* Reed.

In laying out a highway, land upon which buildings are erected may be taken.

But where any interest in land is thus taken for the public use, the owners are entitled to notice and damages; and the laying out of a highway cannot be sustained unless it appear that due recompense was allowed to the land-owners, and that they had an opportunity to be heard upon the question of the laying out, and the damages.

When a highway is laid out, and no notice is given to some of the owners or damages awarded them, the laying out is, to that extent, invalid.

Where a highway was laid out over land on which a house was standing, and no notice was given to the owner, or damages awarded him—*Held*, that an indictment for a nuisance, in continuing the house in the highway, could not be sustained.

Indictment, for a nuisance. It was agreed by the respondent and the counsel for the State that, if the court should be of opinion, upon the facts of the case, that the indictment could be sustained, the respondent should be defaulted; otherwise, a *nol. pros.* should be entered.

The facts were these: In 1846 and 1847 the respondent erected a house and fence, upon a lot of land adjoining a contemplated street in the town of Claremont, with reference to which lots had been laid out and sold, but which had not then been opened to the public travel. In building the house and fence, the respondent extended the former about five feet into the contemplated street, and the fence about three feet further. In April, 1853, a public highway was laid out over said street, by the selectmen of Claremont, at which time the respondent was in possession of the premises under a bond for a deed. No notice of the laying out was given to the respondent or to the owner, nor was there any award of damages made to either.

*Ticknor*, Solicitor, for the State.

*Freeman & McClure*, for the respondent.

EASTMAN, J. In laying out a highway, land upon which buildings are erected, and which comes within the limits of the highway, may be taken. A building has no greater immunity in this respect than a fence; each is a structure erected or maintained by the owner for the purposes for which it is appropriate. The one may be of greater value and consequence than the other, but there is nothing in the use, or in the nature of the property, to exempt it from the public servitude, or the power of eminent domain. *Pierce* v. *Somersworth,* 10 N. H. 369, 375.

When land thus occupied is taken for a highway, the award of damages should be in proportion to the injury sustained. The buildings remain the property of the owners, but the towns acquire the right to remove them beyond the limits of the highway. *Baker* v. *Shephard,* 24 N. H. (4 Fost.) 208. In that case it was held, that by the laying out of a highway the public acquire no right to use any trees or timber growing upon the land for the purpose of building or repairing the road. And it was said by *Bell,* J., in delivering the opinion of the court, that the only right the public acquire in relation to such trees, is that of cutting them down, and removing them to a convenient distance, for the use of the owner.

But where any interest belonging to the owners of lands is taken, they are entitled to notice and damages. *Pierce* v. *Somersworth,* 10 N. H. 369; *State* v. *Dover,* 10 N. H. 397. And the doings of selectmen, in laying out highways, cannot be supported, unless it appears that due recompense was allowed to the owners of the lands through which they were laid out, and that the owners had an opportunity to be heard upon the subject of the laying out and the damages. *Pritchard* v. *Atkinson,* 3 N. H. 335.

Private property cannot be taken for the public use, except in the manner prescribed by law, and when taken in any other way the act is a trespass. And when a highway is laid out over land, and no notice given to the

State *v.* Reed.

owner, or damages awarded him, the laying out is invalid. The proceedings may be good as to other sections of the road, where notice is given, but they are bad as to those where there is no notice. *Pierce* v. *Somersworth*, 10 N. H. 369.

As no notice was given of the hearing upon the laying out of this highway, either to the respondent, who was in possession of the land and building at the time of the laying out, and who had erected the building, and had an interest in the premises, under his bond, or to the person who owned the fee in the land, the laying out, to the extent of this lot, was invalid; and that invalidity could not be cured, unless by some act of waiver.

Long use of a way is evidence that it was legally laid out. *Pritchard* v. *Atkinson*, 3 N. H. 325. Application for land damages, under the statute, might also be a waiver of notice; and other facts might be supposed to exist which would amount to an acquiescence in the laying out. But nothing of the kind appears in this case; on the contrary, there has been steady resistance. The buildings and fence have been maintained, and the road has not been built over the land where they are placed.

According to the doctrine of *Baker* v. *Shephard*, it would seem that even had the highway been legally laid out over the land where the buildings and fence stand, an indictment could not be maintained for not removing them, unless it should appear that damages had been awarded on that account. But no notice having been given, the laying out was clearly invalid, so far as this respondent and the owner of the land are concerned. As to them, there is no highway where the buildings and fence are; the land has never been legally condemned to the public use, and the continuancy of the obstructions complained of is not a nuisance for which this indictment will lie; and, according to the agreement stated in the case, a *nol. pros.* must be entered.